UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VLADIMIR M. GOROKHOVSKY,

Plaintiff,

Case No. 26-cv-1392-pp

v.

FIDUCIARY REAL ESTATE DEVELOPMENT, INC.
*d/b/a High Bluff II*,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DENYING MOTION TO RESTORE E-FILING CM/ECF PRIVILEGES (DKT. NO. 6)**

---

On August 17, 2026, plaintiff Vladimir Gorokhovsky, who is representing himself, filed a complaint alleging that the defendant had discriminated against him on the basis of his disability. Dkt. No. 1. The plaintiff also filed a motion requesting leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion asking the court to restore his access to the court's CM/ECF system for this case only, dkt. no. 6.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The court will allow the plaintiff to proceed on a discrimination claim against the defendant. The court will deny the plaintiff's request to restore his e-filing privileges.

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532,

534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff states that he is unemployed and that he does not have any monthly income. Dkt. No. 2 at 1–2. He reports that he has $2,003 in monthly expenses for rent and credit card payments. Id. at 2-3. The plaintiff states that he has no cash or assets. Id. He also states that his financial resources are depleted from his battle with cancer and that he is borrowing money from friends while he is waiting for his Social Security disability award. Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint (Dkt. No. 1)

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to

state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Complaint

The plaintiff alleges that the defendant violated the Federal Fair Housing Act and Wisconsin's Fair Housing Law by discriminating against him based on his disability. Dkt. No. 1 at ¶¶1-2. He alleges that since May 2022, he has been renting a condo from the defendant in Grafton, Wisconsin. Id. at ¶11. In August 2023, he was diagnosed with cancer. Id. at ¶12. Since his diagnosis, the plaintiff has undergone treatment for his cancer. Id. at ¶24. During his

chemotherapy treatment, the medication he was prescribed caused severe neuropathy in his feet. Id. at ¶¶13-14.

On December 21, 2025, the plaintiff served the defendant with a formal request for disability accommodation. Id. at ¶¶24-25. The plaintiff asked the defendant to allow him to smoke cigars in his condo. See Dkt. No. 1-1 at 1-3, 10. He maintains that smoking cigars is the only thing that makes the pain from his neuropathy more tolerable. See id.

The defendant's representative told the plaintiff that she would forward his disability accommodation request to the "company's lawyers." Dkt. No. 1 at ¶26. The defendant did not respond to the request for accommodation. Dkt. No. 1 ¶27. On August 13, 2026, the defendant posted a fourteen-day notice "to Terminate Tenancy for Breach" on the door to the plaintiff's residence. Id. at ¶28.

C. Analysis

The plaintiff alleges a failure-to-accommodate claim under the Fair Housing Act (FHA), 42 U.S.C. §3604(f). The FHA prohibits discrimination on the basis of a renter's disability, where discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Id. To assert a failure-to-accommodate claim, a plaintiff must allege that "(1) the plaintiff has a disability, within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102; (2) the defendant was aware of the plaintiff's disability; and (3) the defendant failed to reasonably accommodate the disability." Seltzer v. Blue Frong Prop. Mgmt. LLC, Case No. 26-cv-1803, 2026 WL 3181382, at *4 (E.D. Wis. Oct. 23, 2026) (citing Watters v. Homeowners' Ass'n, 48 F.4th 779, 789

(7th Cir. 2022)). An individual has a disability under the ADA if he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. §12102(1).

The plaintiff alleges that he is disabled due to his severe neuropathy. The accommodation request he sent to the defendant includes a letter from Dr. Mark Chelmowski stating that the plaintiff has "multiple health problems including colon cancer with a colostomy, neuropathy from chemotherapy and restless leg syndrome." Dkt. No. 1-1 at 10. Based on the well-pleaded allegations in the complaint, it appears that the plaintiff has sufficiently alleged that he has a disability under the ADA.

The plaintiff also sufficiently has alleged that the defendant was aware of his disability when the plaintiff sent a request for accommodation to allow him to smoke cigars in his apartment. The plaintiff's request for accommodation included the letter from Dr. Chelmowski with "an unusual request" that the defendant "allow the [plaintiff] to continue to smoke in his residence." Id. Dr. Chelmowski explained that the plaintiff "feels that when he smokes that his pain is more tolerable" and that "[s]ince nothing else seems to be helping I would asked [sic] that you allow him to continue to smoke where he lives." Id.

The Seventh Circuit has explained that a "requested accommodation must be reasonable, which . . . is a 'highly fact-specific inquiry and requires balancing the needs of the parties. An accommodation is reasonable if it is both efficacious and proportional to the costs to implement it.'" Wisconsin Cmty. Servs., Inc. v. City of Milwaukee, 465 F.3d 737, 749 (7th Cir. 2006) (citing Oconomowoc Res. Programs, Inc. v. City of Milwaukee, 300 F.3d 775, 784 (7th Cir. 2002)). The requested accommodation also must be "'necessary,' meaning

that, without the accommodation, the plaintiff will be denied an equal opportunity to obtain the housing of [his] choice." Id.

Based on the facts alleged in the complaint, the court concludes that the plaintiff has alleged the bare minimum elements necessary to state an FHA discrimination claim. For purposes of screening the complaint, the court cannot conclude that refusing to allow a renter to smoke cigars in his apartment as a reasonable accommodation for his disability—an accommodation supported by a doctor—does not state an FHA discrimination claim as a matter of law. But the court's conclusion is without prejudice to the defendant filing a motion to dismiss if the defendant believes it has authority showing that a landlord's refusal to create an exception to its nonsmoking policy in a multi-unit residential apartment for a disabled tenant is not unreasonable as a matter of law.

The plaintiff also alleges that the defendant violated Wisconsin's Open Housing Law, see dkt. no. 1 at ¶¶48-49, which contains a similar reasonable accommodation requirement for people with disabilities. See Wis. Stat. §106.50(2r). Wisconsin courts generally look to federal court interpretation of the FHA to inform the state court's interpretation of Wisconsin's open housing law. See Jones v. Baecker, 373 Wis. 2d 235, 257 (Wis. Ct. App. 2016) (citing Metropolitan Milwaukee Fair Hous. Council v. LIRC, 173 Wis. 2d 199, 204 (Wis. Ct. App. 1992); Chomicki v. Wittekind, 128 Wis. 2d 188, 200 (Wis. Ct. App. 1985)). Given that the plaintiff has alleged sufficient facts to state a discrimination claim under the FHA, the plaintiff also has alleged sufficient facts to state a discrimination claim under the Wisconsin open housing law. Again, this conclusion is without prejudice to the defendant filing a motion to dismiss if it believes there is authority showing that refusing a tenant an

accommodation to smoke cigars in his apartment is not unreasonable as a matter of law.

## III. Motion to Restore E-Filing CM/ECF Privileges (Dkt. No. 6)

The plaintiff asks the court to restore his e-filing CM/ECF privileges for this case only. See Dkt. No. 6 at 1-2. The plaintiff maintains that he is nearly unable to walk and would be unable to file court documents in person. Id. at 2. This court discontinued the plaintiff's e-filing privileges when it ordered that he be suspended from practicing law before the United States District Courts in the Eastern District of Wisconsin based on the Wisconsin Supreme Court's revocation of the plaintiff's law license. See In re Vladimir M. Gorokhovsky, Case No. 25-mc-10, Dkt. No. 1 (E.D. Wis. Mar. 7, 2025).

The court will deny the plaintiff's request. Though the court acknowledges that the plaintiff may find it difficult to file documents with the court in person, the plaintiff still may file documents by mailing them to the clerk's office. See Fed. R. Civ. P. 5(d)(2)(A); General Local Rule 5(a)(2) (E.D. Wis.). Allowing the plaintiff to maintain e-filing privileges for this case only would impose an additional and unnecessary administrative burden on the clerk's office to ensure compliance.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to restore e-filing CM/ECF privileges. Dkt. No. 6.

The court **ORDERS** the United States Marshals Service to serve a copy of the complaint and this order on the defendant under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S.

Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court or the U.S. Marshals Service. The court is not involved in collection of the fee.

The court **ORDERS** the defendant to file a responsive pleading to the complaint within the time permitted by the Federal Rules of Civil Procedure.

Dated in Milwaukee, Wisconsin this 13th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**